# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES CLARK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 20-11167-JVS (PD)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

On December 8, 2020, Petitioner Moses Clark filed a Petition under 28 U.S.C. § 2254 challenging his 2020 state conviction for domestic violence with great bodily injury. [Dkt. No. 1 at 2].[1] He thereafter filed a Supplemental Memorandum in support of his Petition. [Dkt. No. 4.] The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it is barred by his no contest plea.

**I.　Procedural History and Petitioner's Contentions.**

In November 2020, Petitioner pleaded no contest in a Los Angeles County Superior Court to one count of domestic violence with great bodily

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

injury. He was sentenced to seven years in state prison. He appealed, the California Court of Appeal affirmed, and the California Supreme Court denied review. He also filed a series of unsuccessful state habeas petitions, the last of which was denied in November 2020. [*See* [Dkt. No. 1 at 2-4.][2]

On December 8, 2020, Petitioner filed this Petition alleging the following five grounds for relief: (1) the prosecutor violated Petitioner's right to be brought before a magistrate judge within 48 hours of being arrested; (2) the trial judge denied Petitioner his right to a preliminary hearing within 10 days after being arraigned; (3) the prosecutor denied Petitioner his right to view "body worn" video; (4) the trial judge denied an unidentified motion filed by Petitioner and "express[ed] himself" using the merits of the case; and (5) the trial judge violated Petitioner's rights under California Evidence Code sections 403 and 702 by stating that Petitioner "could be easily identified on the witness stand."[3] [*Id.* at 5-6.]

---

[2] Petitioner alleges that he was convicted and sentenced on November 19, 2020. He also alleges that he subsequently filed a direct appeal, a petition for review, and two state habeas petitions, each of which was denied no later than November 25, 2020 -- that is, six days after his conviction. On their face, Petitioner's allegations are implausible. Moreover, it appears that Petitioner did not seek direct review of his conviction, but rather filed only a series of unsuccessful state habeas petitions. [*See* Dkt. No. 1 at 2-3, 12.] Nevertheless, for purposes of this Order to Show Cause, the Court accepts Petitioner's allegations regarding his appeal and his collateral attacks to his conviction as true.

[3] In his Supplemental Memorandum, Petitioner suggests that his sentence is illegal. [Dkt. No. 4 at 1.] He does not, however, indicate how or why his bargained-for sentence is illegal. Moreover, to the extent that Petitioner intends to assert a new claim for relief regarding his sentence, he can do so only by filing a first amended petition, which he has not filed.

2

## II. Discussion

### A. Petitioner's Claims Are Not Federally Cognizable Because They Are Based on Pre-Plea, Non-Jurisdictional Errors

"As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." *Mitchell v. Superior Court*, 632 F.2d 767, 769 (9th Cir. 1980). In *Tollett v. Henderson*, the United States Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]

411 U.S. 258, 267 (1973). This principle applies equally to defendants, like Petitioner, who plead no contest.[4] *See Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992).

Since *Tollett*, the Supreme Court has recognized that the bar on attacking pre-plea constitutional errors applies unless the defect in question is a "jurisdictional" one that implicates the government's power to prosecute the defendant. *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999) (citing *United States v. Broce*, 488 U.S. 563, 574-76 (1989)); *see also Menna v. New York*, 423 U.S. 61, 62 (1975) (holding that bar on collateral

---

[4] In California, the legal effect of a no contest plea is the "same as that of a plea of guilty for all purposes." Cal. Penal Code § 1016; *see also People v. Bradford*, 15 Cal. 4th 1229, 1374-75 (1997) ("As we have recognized, section 1016 explicitly provides that the legal effect of a no-contest plea to a crime punishable as a felony is the same for all purposes as a plea of guilty.").

challenges to pre-plea errors did not preclude defendant from asserting double jeopardy to indictment under which he pleaded guilty); *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974) (holding that guilty plea did not foreclose claim that defendant was vindictively prosecuted).

Here, *Tollett* bars all of Petitioner's claims because each of them is based on purported pre-plea errors. Indeed, Petitioner explicitly alleges that each error pre-dated his November 2020 no contest plea. [*See* Dkt. No. 1 at 4-6.] Further, no "jurisdictional" exception to the *Tollett* rule applies, as none of Petitioner's claims concerns the power of the State to prosecute him, and he does not claim that his no contest plea was involuntary or unintelligent. Thus, Petitioner's no contest plea precludes federal habeas relief on all of his grounds for relief.[5] *See Tollett*, 411 U.S. at 267. As such, Rule 4 requires summary dismissal of the Petition.

### B.     Petitioner Failed to Name the Proper Respondent

Petitioner named "the People of the State of California" as respondent in this action. The only appropriate respondent in a federal habeas action is the "state officer having custody" of the petitioner. *See* Rule 2(a), 28 foll. U.S.C. § 2254. "Typically, this person is the warden of the facility in which the petitioner is incarcerated." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Accordingly, if Petitioner can show that some or all of his

---

[5] The Court also notes that Petitioner's second and fifth grounds for relief are not cognizable on federal habeas review because they involve only errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (federal courts are limited to deciding whether conviction violated Constitution, laws, or treaties of the United States); *see also* 28 U.S.C. § 2254(a). Moreover, Petitioner's claim in Ground Two that he was denied his right to a timely preliminary hearing could not warrant federal habeas relief because there is no federal constitutional right to a preliminary hearing in a criminal proceeding. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Ramirez v. State of Arizona*, 437 F.2d 119, 120 (9th Cir. 1971) ("The Federal Constitution does not secure to a state court defendant a right to a preliminary hearing.").

claims are not barred by *Tollett*, he must name the warden of the prison in which he is incarcerated as the respondent in this matter.

### III. Conclusion

Petitioner is ordered show cause as to why this action should not be dismissed with prejudice **no later than April 9, 2021**. Petitioner shall state clearly whether or not he concedes that the Petition is barred by *Tollett*. If he disputes that the *Tollett* bar applies, he must explain why the bar does not apply to the claims alleged in the Petition. **Petitioner is admonished that the Court will deem his failure to timely comply with this Order as a concession that the Petition is barred by *Tollett*.**

**IT IS SO ORDERED.**

DATED: March 1, 2021

PATRICIA DONAHUE
—————————————————
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

5