UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES CLARK,<br><br>          Petitioner,<br><br>   v.<br><br>HEATHER SHIRLEY, WARDEN,<br><br>          Respondent. | Case No. 2:20-cv-11167-JVS-PD<br><br>**ORDER (1) ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND (2) DENYING REQUEST FOR EVIDENTIARY HEARING** |

      The Court has reviewed the First Amended Petition, records on file, and Report and Recommendation of the United States Magistrate Judge, which recommends that judgment be entered denying the First Amended Petition and dismissing the action with prejudice. *See* 28 U.S.C. § 636(b)(1). On December 6, 2021, Petitioner filed a pleading that he captioned as a traverse. [*See* Dkt. No. 24.] Despite the caption, the December 6, 2021 filing appears to be Petitioner's objections to the Report. Although it does not explicitly mention the Report, it repeatedly references the Report's analysis and appears to duplicate its language. [*See, e.g.*, Dkt. No. 24 at 1, 6, 17.] Moreover, there is no reason to believe that Petitioner intended the December 6, 2021 filing to be a traverse because Respondent never answered either the

Petition or the First Amended Petition; rather, the Report was issued after Petitioner had several chances to respond to the Court's Order to Show Cause. [*See* Dkt. Nos. 8, 12, 17.] As such, the Report was the only matter on the docket to which the December 6, 2021 filing could have responded. Accordingly, the Court liberally construes Petitioner's December 6, 2021 filing as his Objections to the Report. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (courts have duty to construe pro se pleadings liberally). On December 8, 2021, Petitioner filed a request for an evidentiary hearing. [*See* Dkt. No. 25.]

### A.   Petitioner's Objections

In his Objections, Petitioner attempts to assert two new claims. [*See* Dkt. No. 24 at 15-17.] A petitioner's objections are not the proper place to raise claims for the first time, and the Court may, in its discretion, decline to consider any such claims. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in [a habeas] petitioner's reply brief are deemed waived."); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (district court may decline to consider new allegations presented for the first time in objections); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). In deciding whether to consider the newly presented claims, the district court must actually exercise its discretion rather than summarily deny them. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (citing *Howell*, 231 F.3d at 621).

Here, the Court declines to exercise its discretion to address the new claims that Petitioner attempts to assert in his Objections. The magistrate judge already allowed Petitioner to amend his original Petition to add three grounds for relief. [*See* Dkt. Nos. 11, 12, 19.] Additionally, based on the sparse allegations in support of his new claims – namely, a double jeopardy claim and a cumulative error claim (*see* Dkt. No. 24 at 15-17) – Petitioner was

undoubtedly aware of all the facts necessary to assert them when he filed his original Petition; nevertheless, he failed to do so then or when he filed his First Amended Petition. Accordingly, there is no reason to allow him to do so now. Putting that aside, even if the Court were to consider them, both of his proposed claims would be barred by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), for the reasons stated in the Report. [*See* Dkt. No. 23 at 5-7]; *Rishor v. Ferguson*, 822 F.3d 482, 499 (9th Cir. 2016) (explaining that *Tollett* bars any double jeopardy claim where petitioner pleaded guilty unless petitioner alleges and proves that plea was not knowing and voluntary). Thus, having conducted a *de novo* review of those portions of the Report to which Petitioner has objected, the Court concludes that there is no reason to allow Petitioner to use his Objections to assert his new claims.

### B.    Petitioner's Request for an Evidentiary Hearing

Although habeas "is an important safeguard" designed "to correct real and obvious wrongs," it does not authorize habeas petitioners to engage in "fishing expedition[s]" in search of facts to either support existing claims or identify new ones. *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999). Accordingly, an evidentiary hearing on a habeas petition is unwarranted unless (1) the petition contains "allegations [that], if established, would entitle the petitioner to relief" and (2) "the state court trier of fact has not reliably found the relevant facts." *Id.* at 1068. Here, an evidentiary hearing is unwarranted because as explained in the Report, Petitioner's claims are either barred by *Tollett* or not cognizable on federal habeas review. The facts underlying those claims – and the reasons that they fail – are not in dispute, and Petitioner has alleged no facts that would entitle him to relief. His request for an evidentiary hearing therefore must be denied.

**C. Order and Findings**

1. The Court accepts the Magistrate Judge's Report and Recommendation and adopts it as its own findings and conclusions.

2. Petitioner's request for an evidentiary hearing is denied.

3. For the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4. The First Amended Petition is dismissed with prejudice.

DATED: January 31, 2022

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE